IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TAOFEEK QUADRI | § | |
| | § | |
| V. | § | No. 5:15CV30-RWS-CMC |
| | § | |
| JOHN M. MCHUGH, Secretary, | § | |
| U.S. Department of the Army, in his | § | |
| official capacity | § | |

**MEMORANDUM ORDER ADOPTING
REPORT AND RECOMMENDATION**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court has conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

**BACKGROUND**

Plaintiff Taofeek Quadri ("Plaintiff"), proceeding *pro se*, filed this case against John M. McHugh, Secretary of the U.S. Department of the Army, in his official capacity ("Defendant") under 42 U.S.C. § 2000e, *et seq.*, commonly referred to as Title VII of the Civil Rights Act of 1964 ("Title VII"). In his original complaint, Plaintiff alleged he was discriminated against on the basis of race, color, and national origin and that he faced reprisal for prior protected activity. After Defendant filed a motion to dismiss, the Court granted Plaintiff leave to amend his complaint. In his amended complaint, Plaintiff alleges the Government's revocation of his security clearance served only as mere pretext to his termination, and he was actually terminated for discriminatory reasons.

In its first amended motion to dismiss, Defendant asserts Plaintiff's claims should be

dismissed because Plaintiff failed to exhaust the necessary administrative remedies to be able to present those allegations in federal court.

## REPORT AND RECOMMENDATION

On November 30, 2015, the Magistrate Judge issued a Report and Recommendation, recommending Defendant's amended motion to dismiss be granted and that Plaintiff's case be dismissed with prejudice. After outlining in great detail the factual background and relevant litigation history, the Magistrate Judge noted this is Plaintiff's third lawsuit against Defendant regarding his termination on January 21, 2014.

According to the Magistrate Judge, Plaintiff chose to appeal his termination directly to the Merit Systems Protection Board ("MSPB"), an administrative agency that has jurisdiction over specific "adverse employment actions" affecting federal employees. The Magistrate Judge first found Plaintiff's claims should be dismissed because Plaintiff abandoned those claims before the MSPB and thus failed to exhaust the necessary administrative remedies. The Magistrate Judge further found that even if Plaintiff had exhausted his administrative remedies, Plaintiff fails to state a viable claim. The Magistrate Judge found no discovery is necessary here because the record shows discovery is not likely to produce facts needed to withstand a motion to dismiss. According to the Magistrate Judge, not only is Plaintiff's amended complaint self-defeating on its face, but it is also devoid of factual allegations to support any sort of discrimination or retaliation claim.

For these reasons, the Magistrate Judge recommended Plaintiffs' claims be dismissed with prejudice. Considering Plaintiff's litigation history, the Magistrate Judge further recommended the Court require Plaintiff to seek permission before proceeding *in forma pauperis* with any new civil litigation regarding these claims unless he first obtains from a district judge of this Court leave to

proceed *in forma pauperis*.

## **OBJECTIONS**

Plaintiffs filed objections to the Report and Recommendation, asserting the Magistrate Judge erred in granting him leave to amend his complaint. According to Plaintiff, his original complaint plead sufficient facts to establish jurisdiction. Plaintiff further asserts the Magistrate Judge did not act in a neutral manner but was an "active advocate" for the Government, allowing Defendant "to toll the time without notice of motion to plaintiff." (Dkt. No. 53 at 6 & 17).[1] Plaintiff further states he was denied jurisdictional discovery. Even though the Magistrate Judge denied Defendant's motion to stay discovery pending resolution of Defendants' amended motion to dismiss, Plaintiff argues it was an abuse of discretion to issue the Report and Recommendation on Defendants' amended motion to dismiss during discovery. Plaintiff states he seeks to supplement evidence by conducting discovery, and "*Egan* does not strip the courts of jurisdiction" to determine whether the Government's security clearance decision was a pretext to discharge Plaintiff.[2] *Id.* at 9 & 12.

---

[1] On July 6, 2015, the Magistrate Judge granted Defendant's motion for an 8-day extension of time to file a reply to Plaintiff's response to Defendants' original motion to dismiss, allowing Defendant up to and including July 10, 2015 in which to file a reply. Had the Magistrate Judge allowed the full seventeen-day response period to run, the Court would have effectively given Defendant a much longer extension than that requested. And importantly, four days after Defendant filed its reply, the Magistrate Judge granted Plaintiff leave to amend his complaint as requested in his response to the original motion to dismiss.

[2] The Magistrate Judge's recommendation was not based on whether Plaintiff's claim based on a revocation of a security clearance that was followed by removal from federal employment could be reviewed pursuant to *Department of Navy v. Egan*, 484 U.S. 518, 526-31 (1988). Rather, the Magistrate Judge considered whether Plaintiff has exhausted his claims before the MSPB.

## *DE NOVO* REVIEW

**Plaintiff's three lawsuits**

On January 3, 2014, Plaintiff filed his **first case** against Defendant; Eric H. Holder, Jr., Attorney General of the United States; and Chuck Hagel, Secretary, U.S. Department of Defense under Title VII, asserting "acts of reprisal, discrimination, abuse, harassment, hate, high hostile environment via command group and management, gross mismanagement, nepotism, intimidation, prohibited personnel practices, etcetera on RED RIVER ARMY DEPOT." (Cause No. **5:14cv1**, Dkt. No.1 at 2). According to Plaintiff, the Agency discriminated and retaliated against him by revoking or suspending his security clearance which interfered with his United States Army Reserve mission and the mission of the United States Government. *Id*. at pgs. 9-10.

On March 14, 2014, Plaintiff and four additional RRAD employees, Reginald Webster, Gerald Tave, Rory Hicks, and John Taylor, all apparently current or former RRAD employees, filed an amended complaint. On January 23, 2015, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' Motion to Dismiss be granted and that Plaintiffs' case be dismissed without prejudice. Considering the essence of Plaintiffs' claims involved the revocation or suspension of security clearance, the Magistrate Judge found the Court lacked subject matter jurisdiction to review the plaintiffs' Title VII discrimination and retaliation claims. However, even if the Court had subject matter jurisdiction over Plaintiff's Title VII claims, the Magistrate Judge noted Defendants' assertion that Plaintiff had not yet exhausted his administrative remedies. According to Defendants, Plaintiff elected to exhaust his discrimination claims via a "mixed case appeal" to the MSPB. That appeal was filed in February of 2014, and as of the date of Defendants' motion, the MSPB had not yet made a final determination on his appeal.

4

On February 26, 2015, District Judge Rodney Gilstrap adopted the January 23, 2015 Report and Recommendation as the findings and conclusions of the Court. In overruling the plaintiff's objections, Judge Gilstrap noted Plaintiff had already been allowed one amendment, at which time he added as plaintiffs Webster, Tave, Hicks, and Taylor. According to Judge Gilstrap, the plaintiffs were seeking, through their objections, to amend again, "changing the substance of their complaint discrimination, retaliation, and hostile work environment, similar to the claims already raised by Quadri and addressed by the Court in Cause No. 5:14cv35." (Cause No. 5:14cv1, Dkt. No. 28 at 5).

According to Judge Gilstrap, Plaintiff took every opportunity to amend in an attempt to avoid dismissal, even to the point of changing the essence of his complaint. Even considering the plaintiffs' proposed second amended complaint (attached to his objections), Judge Gilstrap found the plaintiffs' case should be dismissed for failure to exhaust. To the extent the Court considered the allegations raised in the plaintiffs' proposed second amended complaint, the Court found it lacked jurisdiction to entertain the plaintiffs' claims. Judge Gilstrap granted Defendants' motion to dismiss and dismissed without prejudice the plaintiffs' case.

On March 14, 2014, Plaintiff filed a **second case** against Defendant under Title VII. In his form complaint, Plaintiff alleged he was discriminated against on the basis of race, color, and national origin. (Cause No. 5:14cv1, Dkt. No. 1 at 3). In the space on the form where the type of wrongful action is to be described, Plaintiff wrote "see attached." Plaintiff originally attached only the EEOC notice denying reconsideration of its decision denying relief to Plaintiff. In his response to Defendant's motion to dismiss, Plaintiff sought leave to amend his original complaint, and he attached a proposed amended complaint. The Magistrate Judge granted Plaintiff leave to amend and considered the allegations contained in his amended complaint.

5

In his proposed first amended complaint, considered by the Magistrate Judge in recommending Defendant's motion to dismiss for failure to state a claim be granted, Plaintiff alleged harassment and hostile work environment in violation of Title VII, the ADEA, and the Rehabilitation Act, as well as racial discrimination for having been required to sign in and out on a sheet of paper on the wall. In his proposed second amended complaint, attached to his objections to the Report and Recommendation, Plaintiff more specifically alleged he was discriminated and retaliated against in every possible way, including sabotaging his security clearance because of his race and for having complained about such discrimination in 2011. (Cause No.5:14cv35, Dkt. No. 15 at 3).

On December 16, 2014, the Magistrate Judge recommended Defendant's Motion to Dismiss for Failure to State a Claim be granted and Plaintiff's case be dismissed **with prejudice**. Regarding Plaintiff's race discrimination claim, the Magistrate Judge found Plaintiff failed to allege any adverse employment action related to his claim; he also failed to allege facts that would support a disparate treatment claim in general. The Magistrate Judge also found Plaintiff had failed to allege a hostile work environment claim. Specifically, the Magistrate Judge stated no reasonable person could find the requirement to sign in and out on a separate board, or an isolated comment by a supervisor about him leaving and not belonging at the depot, to be harassing.

Plaintiff filed objections to the Report and Recommendation. Plaintiff also sought leave to replead for a second time. He attached a proposed second amended complaint and other attachments to his objections, wherein he more specifically alleged he was discriminated and retaliated against in every possible way, including sabotaging his security clearance because of his race and for having complained about such discrimination in 2011.

District Judge Schneider adopted the Report and Recommendation as the findings and

conclusions of the Court, noting the objections failed to address the specific issues raised in the Report and Recommendation. Judge Schneider also agreed with the Magistrate Judge that Plaintiff failed to allege facts about an event or action that would constitute an adverse employment decision and to allege facts that, even if true, would constitute a hostile work environment. Judge Schneider concluded the proposed second amended complaint did not cure the deficiencies of the first amended complaint. According to Judge Schneider, even considering Plaintiff's proposed second amendment which alleged the revocation of his security clearance (an issue also raised in Plaintiff's first case, Cause No. 5:14cv1), the Court lacked subject matter jurisdiction over that Title VII retaliation claim.

Judge Schneider granted Defendant's Motion to Dismiss for Failure to State a Claim and dismissed with prejudice Plaintiff's case. After Plaintiff appealed the decision to the Fifth Circuit Court of Appeals, the case was reassigned to District Judge Gilstrap for all further proceedings. Plaintiff's appeal is currently pending.

On March 30, 2015, Plaintiff filed the **third, current case** against Defendant, alleging he was discriminated against when he was removed from federal employment on January 21, 2014. Plaintiff amended his complaint on July 29, 2015 and is now attempting to assert discrimination claims the Magistrate Judge found he abandoned during the MSPB administrative process.

**Whether Plaintiff exhausted administrative remedies**

Title VII gives the district court subject matter jurisdiction over federal employees' employment discrimination claims when administrative remedies have been exhausted. *See* 42 U.S.C. § 2000e-16(c); *Brown v. General Servs. Admin.*, 425 U.S. 820, 832-33 (1976). Failure to exhaust administrative remedies or to file a civil action complaint within the time allotted by Title VII deprives the district court of jurisdiction over the case. *See Randel v. U.S. Dep't of Navy*, 157

F.3d 392, 395 (5th Cir. 1998) ("As a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies . . [and] file his complaint in a timely manner.").

Although the MSPB does not have jurisdiction over discrimination claims that are not related to appealable adverse actions, it can entertain appeals in "mixed cases," where an employee alleges a Title VII violation in relation to one of the specified adverse employment actions. *See* 5 U.S.C. § 7702(a)(1)(B)(i)-(iv). As noted by the Magistrate Judge, because Plaintiff was a federal employee asserting he was terminated in violation of Title VII, he presented a "mixed case" to the administrative law judge of the MSPBA.

A federal employee who elects to file an appeal with the MSPB is required to exhaust his claims in that forum before filing a civil action in federal court. *McAdams v. Reno*, 64 F.3d 1137, 1142-43 (8th Cir. 1995). "In a mixed case, a final decision from the MSPB exhausts an employee's administrative remedies and allows him to seek judicial review." *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004).When an employee files an appeal with the MSPB, he can only bring a civil action in federal court with respect to those claims that were presented in the appeal. *See Smith v. O'Keefe*, 2006 WL 2167716, *5 (unreported)(S.D. Tex. July 31, 2006)(citing *McAdams*, 64 F.3d at 1141-42).

According to the Magistrate Judge, Plaintiff initially presented claims of discrimination based on race, color, national origin, and reprisal for prior protected EEO activity to the administrative law judge, but he abandoned those claims when he appealed the judge's decision to the MSPB appeals board. *See* Dkt. No. 29-1, ¶ 4, n.4 (MSPB final decision explaining that Plaintiff did not include those claims in his petition for review). When an employee abandons claims during the

8

administrative appeals process, he has failed to exhaust his remedies with respect to the abandoned claims. *Harms v. Snow*, 57 F.App'x 720, at *1 (8th Cir. 2003) (affirming dismissal of employee's Title VII and ADA claims for failing to exhaust administrative remedies and noting that although the employee had initially pursued those claims with the MSPB, he subsequently abandoned those claims and was therefore precluded from raising them in federal court).

Failure to properly exhaust administrative remedies bars an individual's right to proceed in federal district court. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S.89, 94 (1990); *see also Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 770 (9th Cir.1991) ("[A]bandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review."); *Rivera v. U.S. Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir.1987) ("To withdraw is to abandon one's claim, to fail to exhaust one's remedies."); Taylor v. Dam, 244 F.Supp.2d 747, 757 (S.D.Tex.2003) ("[A]n aggrieved federal employee must elect an exclusive administrative remedy and fully exhaust the remedy chosen." ). Here, Plaintiff did not appeal the discrimination-based allegations to the MSPB appeals board. Plaintiff abandoned those claims and thus failed to exhaust the necessary administrative remedies.

The Magistrate Judge properly concluded discovery is not likely to produce facts needed to withstand dismissal. Plaintiff's complaint admits, on its face, that he failed to exhaust the required remedies that are a prerequisite to filing suit. What is more, the Magistrate Judge did not preclude Plaintiff from conducting discovery between the August 14, 2015 scheduling conference and entry of the Report and Recommendation on November 30, 2015. As noted above, the Magistrate Judge specifically denied Defendant's motion to stay discovery pending resolution of its Amended Motion

9

to Dismiss.[3]  Having failed to exhaust administrative remedies on his claims of discrimination and retaliation for prior EEO activity, the Court lacks subject matter jurisdiction over those claims.

Even if Plaintiff had exhausted his administrative remedies, the Court would agree with the Magistrate Judge that Plaintiff fails to state a viable claim.  Rather than asserting specific facts to support his allegations, Plaintiff references "etcetera" and "see attached" in his amended complaint. The Magistrate Judge specifically noted the following example: Plaintiff alleges he "was removed from his job and reinstated by the . . . [MSPB]. . . and removed again . . . for evidence showing that defendant retained similarly situated employees who lacked security clearances, please see attached EXHIBIT A." (Report and Recommendation at 13)(citing Dkt. No. 40 at 1).  Plaintiff fails to plead any facts showing there was any causal link between his race, color, or national origin and the alleged adverse employment action.

The Court, having reviewed the underlying briefing, the Report and Recommendation, and Plaintiff's objection, finds Plaintiff's objections are without merit. The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct.  Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that  Defendant John McHugh's First Amended Motion to Dismiss (Dkt. No. 37) is **GRANTED.**  It is further

---

[3] The Court has not ruled on Defendant's Motion to Quash Written Discovery Requests and for Protective Order, filed November 20, 2015.  According to the motion, Plaintiff's First Set of Interrogatories contains 110 numbered interrogatories (exceeding 200 when including discrete subparts), and Plaintiff also delivered 41 separate Requests for Admissions, each addressed to a separate employee/agent of the Army.  According to Defendant, none of the discovery requested by Plaintiff is tailored to challenging the evidence before the court that Plaintiff failed to exhaust the mandatory administrative remedies necessary to proceed with this lawsuit.

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE.** It is further

**ORDERED** that Taofeek Quadri is prohibited from proceeding *in forma pauperis* with any new civil action in this Court regarding these claims unless he first obtains from a district judge of this Court leave to proceed *in forma pauperis*. If a civil action is removed or transferred to this Court, the case should be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Quadri seeks, in writing, leave from a district judge of this Court to proceed in this Court.

**SIGNED this 11th day of January, 2016.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE